NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 20-30057 |
| | 20-30058 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 1:19-cr-02033-SMJ-1 |
| v. | 1:16-cr-02005-SMJ-1 |
| | |
| JOSE JESUS MIRANDA-REYES, AKA | MEMORANDUM[*] |
| Antolin Chavez Sandobal, AKA Jose | |
| Miranda, AKA Jose Reyes, | |
| | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

In these consolidated appeals, Jose Jesus Miranda-Reyes appeals his guilty-

plea conviction for being an alien in the United States after deportation, in

violation of 8 U.S.C. § 1326, and the revocation of supervised release predicated in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part on that conviction.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Miranda-Reyes argues that the district court should have dismissed the indictment and petition to revoke supervised release because deficiencies in the notices to appear in his removal proceedings deprived the immigration court of jurisdiction to order his removal.  During the pendency of this appeal, we decided *United States v. Bastide-Hernandez*, which forecloses Miranda-Reyes's claim.  *See* 39 F.4th 1187, 1192-93 (9th Cir. 2022) (en banc) (holding that defects in a notice to appear do not deprive the immigration court of subject matter jurisdiction), *cert. denied*, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023).

**AFFIRMED.**